IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL GLIDDEN,

     Plaintiff,

vs.          Case No. 09-1279-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

     Defendant.

MEMORANDUM AND ORDER

 This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits. The matter has been fully briefed by the parties.

**I. General legal standards**

 The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the

conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in

any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other

jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

**II. History of case**

On May 22, 2007, administrative law judge (ALJ) Edmund C. Werre issued his decision (R. at 16-25). Plaintiff alleges that he has been disabled since October 1, 2004 (R. at 16). Plaintiff is insured for disability insurance benefits through December 31, 2009 (R. at 18). At step one, the ALJ determined that plaintiff has not performed substantial gainful activity since his alleged onset date of October 1, 2004 (R. at 18). At step two, the ALJ found that plaintiff had the following severe impairments:

insulin-dependent diabetes mellitus with peripheral neuropathy and hypoglycemia, seizures, retinopathy, hypertension, and hepatitis (R. at 18). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 19). After determining plaintiff's RFC (R. at 19), the ALJ found at step four that plaintiff is unable to perform any past relevant work (R. at 23). At step five, the ALJ found that plaintiff could perform other jobs that exist in significant numbers in the national economy (R. at 23-24). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 24-25).

**III. Did the ALJ fail to comply with SSR 96-8p when making his RFC findings?**

According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence." The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved. The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. SSR 96-8p, 1996 WL 374184 at *7. SSR rulings are binding on an ALJ. 20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118,

5

1120 (10th Cir. 1993). When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence. See <u>Southard v. Barnhart</u>, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003). The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence. <u>Spicer v. Barnhart</u>, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003). It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions. <u>Cruse v. U.S. Dept. of Health & Human Services</u>, 49 F.3d 614, 618 (10th Cir. 1995). When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination. Such bare conclusions are beyond meaningful judicial review. <u>Brown v. Commissioner of the Social Security Administration</u>, 245 F. Supp.2d 1175, 1187 (D. Kan. 2003).

    The ALJ found that plaintiff had the RFC to perform:

> ...light work, or work requiring lifting and/or carrying 20 pounds occasionally and 10 pounds frequently, sitting 6 hours in an 8-hour workday, and standing and/or walking 6

>       hours in an 8-hour workday.  Due to seizures,
>       the claimant could not perform work requiring
>       climbing, hazards (machinery, unprotected
>       heights, etc.) extreme temperatures, humidity
>       or operation of motorized vehicles.  In
>       addition, the claimant should only perform
>       low stress unskilled work.

(R. at 19).

Dr. Kevin Komes performed a consultative examination on the plaintiff on April 4, 2006 (R. at 291-292).  Among his recommendations was the following:

> He [plaintiff] may have difficulty with fine
> manipulation [fingering][1] due to his
> neuropathy.

(R. at 292).[2]  Plaintiff argues that the ALJ erred by failing to include a limitation on fine manipulation in plaintiff's RFC.

SSR 96-8p includes the following:

> The RFC assessment must always consider and
> address medical source opinions.  If the RFC
> assessment conflicts with an opinion from a
> medical source, the adjudicator must explain
> why the opinion was not adopted.

SSR 96-8p, 1996 WL 374184 at *7.  The ALJ mentioned this recommendation by Dr. Komes (R. at 20), but, without explanation, did not include a limitation on fine manipulation or fingering in plaintiff's RFC.  The ALJ did not cite to any medical opinion

---

[1] Fine manipulation and fingering are deemed synonymous terms on physical RFC assessment forms prepared by the Social Security Administration (Form SSA-4734-BK, R. at 293, 296).

[2] Dr. Komes had previously indicated in his evaluation that plaintiff had "decreased pinprick in all digits in the hands up to the level of mid palm" (R. at 291).

7

evidence or any other evidence to support a finding that plaintiff did not have difficulty or limitations with fine manipulation.

Defendant, in their brief, set forth various arguments that might have been used by the ALJ to justify not including a limitation in fine manipulation in plaintiff's RFC (Doc. 18 at 11).  However, an ALJ's decision should be evaluated based solely on the reasons stated in the decision.  Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004).  A decision cannot be affirmed on the basis of appellate counsel's post hoc rationalizations for agency action.  Knipe v. Heckler, 755 F.2d 141, 149 n.16 (10th Cir. 1985).  A reviewing court may not create post hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision.  Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005).  By considering legal or evidentiary matters not considered by the ALJ, a court risks violating the general rule against post hoc justification of administrative action.  Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004).  Because the ALJ failed to offer any explanation or rationale for failing to include a limitation in fine manipulation in plaintiff's RFC despite the medical opinion evidence that plaintiff may have difficulty with fine manipulation, the court will not consider explanations offered in defendant's brief.

Furthermore, the vocational expert (VE) identified 4 jobs that plaintiff could perform given his RFC. Those jobs were counter clerk, sub-assembler, bonder or small gluer, and printed circuit board worker (R. at 62-63). Relying on that testimony, the ALJ found that plaintiff could perform other jobs in the national economy, including the 4 jobs identified by the VE (R. at 23-24).

In making disability determinations, defendant relies "primarily" on the Dictionary of Occupational Titles (DOT), including its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO), for information about the requirements of work in the national economy. SSR 00-4p, 2000 WL 1898704 at *2. The SCO indicates that fingering is required "frequently" for the jobs of sub-assembler, bonder or small gluer, and printed circuit board worker, and that fingering is required "occasionally" for the job of counter clerk (SCO at 284, 241, 203, 333).[3] Thus, three of the four jobs identified as jobs that plaintiff could perform require "frequent" fine manipulation or fingering. For this reason, it was critically important for the ALJ to explain why he did not include a limitation in fine manipulation in light of the opinion expressed by Dr. Komes, and the failure to either include

---

[3] According to the SCO (at C-3), "occasionally" involves an activity existing up to 1/3 of the time, and "frequently" involves an activity existing from 1/3 to 2/3 of the time.

9

a limitation or to provide a reasonable explanation for not including a limitation on fine fingering cannot be deemed harmless error. Therefore, this case shall be remanded in order for the Commissioner to consider the opinion of Dr. Komes that plaintiff may have difficulty with fine manipulation, and either include a limitation on fine manipulation in the RFC, or provide a reasonable explanation for not including such a limitation in the RFC.

Plaintiff also argues that the ALJ failed to include a narrative discussion describing how the evidence supported his RFC findings, citing to specific medical facts and nonmedical evidence. The only medical opinion evidence regarding plaintiff's RFC was the state agency RFC assessment prepared by Dr. Williamson (R. at 293-300), and the assessment prepared by Dr. Komes (R. at 291-292). The ALJ stated that he believed that, in light of additional evidence, plaintiff had greater limitations than those set out by Dr. Williamson (R. at 19). The ALJ mentioned the recommendations of Dr. Komes, including his opinion that plaintiff may have difficulty with fine manipulation, but, without explanation, did not include a limitation in fine manipulation. The ALJ did not cite to any other medical opinion evidence in support of his RFC findings. Therefore, it is not clear what weight the ALJ accorded to the opinions of Dr. Williamson and Dr. Komes, or what medical or

other evidence he relied on in making his RFC findings.

When this case is remanded, the ALJ must keep in mind his obligation under SSR 96-8p to describe how the evidence supports each conclusion, citing specific medical facts and nonmedical evidence. As the court pointed out in Kency v. Barnhart, Case No. 03-1190-MLB (D. Kan. Nov. 16, 2004), SSR 96-8p is defendant's own requirement, a ruling promulgated by the Commissioner (Doc. 21 at 7). The court went on to say the following regarding the adequacy of the ALJ's RFC findings

> Most important, the ALJ must explain how the decision was reached. When an ALJ merely summarizes the facts, notes that he has considered all the facts, and then announces his decision, there is nothing for the court to review. The court cannot know how the ALJ analyzed the evidence. When the evidence is contradictory or ambiguous, as it is in most cases, the court cannot know which evidence was given what weight, or how the ambiguities were resolved.

Kency, Doc. 21 at 9; cited with approval in Blanton v. Astrue, Case No. 08-4010-SAC (D. Kan. Oct. 15, 2008, Doc. 19 at 7-8); Tracy v. Astrue, 518 F. Supp.2d 1291, 1298 (D. Kan., Case No. 06-1194-WEB, Sept. 5, 2007).

On remand, the Commissioner should also note the holding in Fleetwood v. Barnhart, 211 Fed. Appx. 736, 740 (10th Cir. Jan. 4, 2007) that to the extent that there is very little medical evidence directly addressing plaintiff's RFC, the ALJ in that case was found to have made unsupported findings concerning the

11

claimant's functional abilities. The court held that the ALJ must make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC. See also Lamb v. Barnhart, 85 Fed. Appx. 52, 57 (10th Cir. Dec. 11, 2003)(The court held that there was no competent medical evidence to support the ALJ's light work determination because, leaving aside a medical opinion improperly rejected by the ALJ, none of the other doctors specifically addressed or defined her exertional or nonexertional limitations. On remand, the court stated that the ALJ must ensure that a sufficient record exists to evaluate the claimant's exertional and nonexertional limitations). Therefore, when this case is remanded, the ALJ must make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC.

**IV. Did the ALJ err in his credibility analysis?**

Finally, plaintiff argues that the ALJ erred in his analysis of plaintiff's credibility. The court will not reach this remaining issue because it may be affected by the ALJ's resolution of the case on remand after considering the opinions of Dr. Komes, and making new RFC findings based on a sufficient record to assess RFC. See Robinson v. Barnhart, 366 F.3d 1078, 1085 (10th Cir. 2004).

However, in order to expedite a resolution of this case, two of the specific credibility issues raised will be briefly

addressed. Plaintiff argues that the ALJ erred in the weight he accorded to plaintiff's non-compliance with medical treatment. On remand, the ALJ shall consider such evidence in light of the following guidelines the court previously set forth in <u>Essman v. Astrue</u>, Case No. 09-4001-SAC (D. Kan. Dec. 16, 2009):

> ...before the ALJ may rely on a claimant's failure to pursue treatment or take medication as support for his determination of noncredibility, he or she should consider: (1) whether the treatment at issue would restore claimant's ability to work; (2) whether the treatment was prescribed; (3) whether the treatment was refused; and if so, (4) whether the refusal was without justifiable excuse. <u>Thompson v. Sullivan</u>, 987 F.2d 1482, 1490 (10th Cir. 1993); <u>Frey v. Bowen</u>, 816 F.2d 508, 517 (10th Cir. 1987). This analysis applies when noncompliance with a physician's recommendation is used as part of the credibility determination. <u>Piatt v. Barnhart</u>, 231 F. Supp.2d 1128, 1129 (D. Kan. Nov. 15, 2002)(Robinson, J.); <u>Silverson v. Barnhart</u>, Case No. 01-1190-MLB (D. Kan. May 14, 2002)(Belot, J.); <u>Goodwin v. Barnhart</u>, 195 F. Supp. 2d 1293, 1294-1296 (D. Kan. (April 15, 2002)(Crow, S.J.).
>
> Defendant contends that the <u>Frey</u> test is not applicable in this case. However, the ALJ appears to have discounted plaintiff's credibility because he quit taking prescription medications. Thus, this is not a situation where the <u>Frey</u> test is not required because the treatment or medication had not been prescribed, and the ALJ is simply considering what attempts the claimant made to relieve their pain. See <u>McAfee v. Barnhart</u>, 324 F. Supp.2d 1191, 1201 (D. Kan. 2004); <u>Jesse v. Barnhart</u>, 323 F. Supp.2d 1100, 1108 (D. Kan. 2004); <u>Billups v. Barnhart</u>, 322 F. Supp.2d 1220, 1226 (D. Kan. 2004).

Essman, Doc. 23 at 20-21.

Plaintiff also argues that the ALJ erred by failing to evaluate the testimony of plaintiff's wife. Specifically, plaintiff argues that the ALJ erred by making no finding regarding the credibility of her testimony or give any reason for rejecting it (Doc. 15 at 14).

In his decision, the ALJ did summarize the testimony of plaintiff's wife, Sharie Glidden (R. at 22). When it is clear that the ALJ considered the testimony of a witness because he discussed it in his decision, an ALJ is not required to make specific written findings of the credibility of that witness. Adams v. Chater, 93 F.3d 712, 715 (10th Cir. 1996).

## V. Should this case be reversed and remanded for further hearing, or reversed for an award of benefits?

When a decision of the Commissioner is reversed, it is within the court's discretion to remand either for further administrative proceedings or for an immediate award of benefits. When the defendant has failed to satisfy their burden of proof at step five, and when there has been a long delay as a result of the defendant's erroneous disposition of the proceedings, courts can exercise their discretionary authority to remand for an immediate award of benefits. Ragland v. Shalala, 992 F.2d 1056, 1060 (10th Cir. 1993). The defendant is not entitled to adjudicate a case ad infinitum until it correctly applies the

14

proper legal standard and gathers evidence to support its conclusion. Sisco v. United States Dept. of Health & Human Services, 10 F.3d 739, 746 (10th Cir. 1993). A key factor in remanding for further proceedings is whether it would serve a useful purpose or would merely delay the receipt of benefits. Harris v. Secretary of Health & Human Services, 821 F.2d 541, 545 (10th Cir. 1987). Thus, relevant factors to consider are the length of time the matter has been pending, and whether or not, given the available evidence, remand for additional fact-finding would serve any useful purpose, or would merely delay the receipt of benefits. Salazar v. Barnhart, 468 F.3d 615, 626 (10th Cir. 2006). The decision to direct an award of benefits should be made only when the administrative record has been fully developed and when substantial and uncontradicted evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits. Gilliland v. Heckler, 786 F.2d 178, 184, 185 (3rd Cir. 1986).

Plaintiff argues that the decision of the Commissioner should be reversed, and the case remanded for an award of benefits (Doc. 15 at 20). Plaintiff filed his application for disability on October 17, 2005 (R. at 16); therefore his application has been pending for nearly 5 years. Although errors have been found in the ALJ decision, the court finds that substantial and undisputed evidence does not exist in the record

that plaintiff is disabled and entitled to benefits.  There is no medical opinion evidence that plaintiff is disabled.  Therefore, the court finds that a remand for further hearing in this case would serve a useful purpose.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

Dated this 30th day of August, 2010, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge